[No. 3296.  Decided May 22, 1899.]

THE STATE OF WASHINGTON, *on the Relation of George
N. Malouf,* v. HON. WILLIAM A. McDONALD, *Judge of
the Superior Court for the County of Whitman.*

APPEAL—STATEMENT OF FACTS—WHERE SETTLED.

Where a judge from another county is called in for the trial
of a cause, such visiting judge is not required to return to the
county where the trial was held, in order to settle and certify a
statement of facts on appeal, but may perform such duty in any
other county, under Bal. Code, § 4702, which provides that the
judges of the supreme and superior courts have power, in any
part of the state, to exercise and perform any duty conferred or
imposed upon them by statute.

*Original Application for Mandamus.*

*Troy & Falknor,* and *Strudwick & Peters,* for relator.

PER CURIAM.—This is an application for an alternative
writ of mandate.    The facts shown by the affidavit of the
applicant are:    That on the 21st day of November, 1898,
there was pending in the superior court of the state of
Washington for King county an action for the recovery of

a money judgment, in which the relator was plaintiff and one Mary N. Malouf was defendant; that William Mc-Donald was at said time, and at all times since, the duly elected, qualified and acting judge of the superior court of the state of Washington for the county of Whitman, and, on invitation of one of the judges of said superior court of King county, was acting as judge and hearing causes in said King county; that on said 21st day of November, 1898, the said cause in which the relator was plaintiff and Mary N. Malouf was defendant was tried before said judge and a jury, and a verdict rendered in favor of the relator; that thereafter said William McDonald attended in person in said county of King, and heard, considered, and granted a motion for a new trial in said cause; that the relator in due time appealed from said order granting a new trial, and filed in said superior court of King county and served upon the defendant, Mary N. Malouf, his proposed statement of facts in said cause; that no objections or amendments to said proposed statement of facts were filed by the opposing party within the time allowed by law, or at all; that the relator thereupon applied to said William McDonald, requesting him to fix some time when he would attend in the county of King and settle and certify the statement of facts. This the said judge neglected and refused to do; consenting, however, to settle and certify said statement of facts in Whitman county, believing that he had jurisdiction so to do. The relator prays that an alternative writ of mandate be issued from this court, directing the said William McDonald to "fix some time within the near future when he will attend at the superior court of King county as aforesaid, and there to attend, and to settle, sign, and certify a statement of facts" in the cause mentioned.

In his brief filed in support of his application, the relator contends that the statement of facts must be settled

by the judge who tried the cause while sitting in the court where the cause was tried, and that he has no jurisdiction to act in that behalf in any county in the state other than the county in which the action was tried. In this contention we are unable to agree. By the Code (§ 4702, Bal. Code), " The judges of the supreme and superior courts have power in any part of the state . . . (4) to exercise · . · . · . and perform any ·. . . duty conferred or imposed upon them by statute." Conceding this statute to be constitutional,—a question not raised by the relator in his brief,—it is ample to warrant a judge of the superior court to certify and settle a statement of facts in any part of the state.

. The application is denied.